**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIM MANARD-HENKELMAN; and SARAH MCDANIEL, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. CIV-17-441-RAW |
| THE PORT AUTHORITY OF MUSKOGEE, ex rel. the Muskogee City-County Port Authority; SCOTT ROBINSON, individually and in his individual capacity as Port Director; and CHRIS WILLIAMS, individually and in his individual capacity as Deputy Port Director, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Claims as a Discovery Sanction (Docket Entry #48) and the Joint Motion to Dismiss All Claims of Plaintiff Sarah McDaniel and Exclude Her as a Witness (Docket Entry #46). By Order entered August 9, 2018, United States District Judge Ronald A. White referred the subject motions to the undersigned for the entry of Findings and a Recommendation. To that end, this Court conducted a hearing with counsel in attendance on August 27, 2018 to receive argument and evidence.

Plaintiffs commenced this action on November 29, 2017, alleging violations of Title VII for gender discrimination and defamation under Oklahoma law. On February 28, 2018, Judge White

entered a Scheduling Order which required, *inter alia*, that amendments to pleadings be filed by April 2, 2018, witness and exhibit lists be exchanged and filed by July 3, 2018, discovery be completed by August 2, 2018, dispositive motions be filed by August 8, 2018 with a jury trial date of October 2, 2018 (Docket Entry #16).

Also on February 28, 2018, Judge White entered an Order denying Plaintiffs' request for 90 days to amend the Complaint and requiring Plaintiffs to show cause by March 9, 2018 based upon their failure to file their Rule 26 Disclosures as previously ordered by the Court. (Docket Entry #15). In spite of the Court's clear ruling, Plaintiffs filed a Motion for Leave to Amend, Leave to Serve Defendant Williams, and Response to the Court's Order to Show Cause on March 2, 2018. Plaintiffs did not explain their failure to file the disclosures but, instead, stated they became aware of additional claims and had difficulty in serving Defendant Williams. Plaintiffs again requested a 90 day extension to amend the Complaint. (Docket Entry #17). The case had been pending for over 90 days at that point. On March 6, 2018, Judge White entered an Order finding Plaintiffs failed to show good cause for failing to timely file Rule 26 disclosures and giving them until March 13, 2018 to do so, denying the request for 90 days to amend the Complaint, and denying Plaintiffs' request to serve Defendant Williams out of time due to a lack of a showing of good cause as to

why service was not effectuated. (Docket Entry #18).    , Despite the directive by the Court to file the Rule 26 Disclosures by March 13, 2018, the disclosures were not filed until March 19, 2018.

On April 2, 2018, Plaintiffs filed an Amended Complaint, adding claims for violation of their Constitutional rights, presumably pursuant to 42 U.S.C. § 1983 but not expressly stated as such, interference with contract, discrimination based upon a disability under the Americans with Disabilities Act and state law, although no specific disability was alleged, "retaliation for filing complaints", and intentional infliction of emotional distress. (Docket Entry #25).

On May 30, 2018, Defendants served their First Discovery Requests to Plaintiffs. Plaintiff Sarah McDaniel ("McDaniel") did not respond to the discovery requests. On June 29, 2018, Plaintiff Kim Manard-Henkelman ("Henkelman") served responses. The responses were not verified. While Henkelman stated in regard to several requests that the requested documents "will be produced at a mutually agreed time, location, and in agreed form", the documents were not produced. Moreover, with regard to medical information made relevant to the case by her claims, Henkelman repeatedly asserted in her responses to requests for medical releases, authorizations, and information that the "information is privileged by doctor/patient privilege" or violated her "right to privacy." (Docket Entry #34, Exh. #3).

On June 22, 2018, Defendants served notice upon Plaintiffs' counsel for the video deposition of Henkelman on July 17, 2018 and for McDaniel on July 27, 2018. (Docket Entry #32, ¶2).

Plaintiffs failed to file their witness and exhibit lists by July 3, 2018 as required by the Scheduling Order. Indeed, these lists were not filed until July 23, 2018 and leave was never sought to extend the deadline.

On July 10, 2018, Henkelman filed a Motion for Protective Order and Objections to Defendant's First Set of Discovery Requests. (Docket Entry #32). The Motion was referred to the undersigned on July 11, 2018. (Docket Entry #33). On July 13, 2018, Defendants filed a Motion to Compel Plaintiffs' Responses to Defendants' Discovery Requests and to Keep Plaintiff Kim Manard-Henkelman's July 17th Deposition Open (Docket Entry #34). The parties jointly requested a hearing on these discovery disputes. (Docket Entry #35). These Motions were referred to the undersigned on July 16, 2018. Thereafter, this Court set the matter for hearing on July 24, 2018.

On July 17, 2018, Defendants proceeded with the Henkelman deposition. During the course of the deposition, Henkelman was in possession of a notebook to consult. She refused to produce the information contained in the notebook despite a demand from Defendants' counsel. The deposition was kept open by agreement of counsel to permit a ruling on the then-pending discovery motions.

(Docket Entry #38, p. 5).

This Court conducted the hearing on July 24, 2018. In an effort to expedite the production of documents in time for the McDaniel deposition and to permit the Henkelman deposition to proceed to conclusion, this Court entered the following minute order:

> Upon consideration of the arguments of counsel at the hearing on this date, Defendants' Motion to Compel Plaintiffs' Responses to Defendants' Discovery Requests (Docket Entry 34) and Plaintiff Manard-Henkelman's Motion for Protective Order (Docket Entry 32) are hereby GRANTED, in part, and DENIED, in part, as follows: (1) Plaintiff Manard-Henkelman shall serve substantive responses to Request for Production of Documents Nos. 1, 6-12, 18-19, 21-23, 25-26, 45-46, 48-49, 51-53, 56, 58-60, and 62-81 as agreed in her written response to these Requests. Should the attorney/client privilege be claimed on these requests, Plaintiff shall submit a privilege log to Defendants; (2) Plaintiff Manard-Henkelman shall provide substantive responses to Interrogatory Nos. 3, 4, and 5 and Request for Production of Documents Nos. 3,4, and 5, providing the requested information from January, 2008 to present; (3) Plaintiff Manard-Henkelman shall provide substantive responses to Interrogatory No. 10 and Request for Production of Documents No. 82 including the identity of the employers with whom Plaintiff applied and execute a release of employment records for Defendants; (4) Plaintiff Manard-Henkelman shall provide a substantive response to Request for Production of Documents No. 20 providing an archive of her Facebook account or accounts from January 1, 2014 to present; (5) Plaintiff Manard-Henkelman shall provide her electronic devices which hold communications to and from Plaintiff to Avansic or such other third party forensic preservation organization as Defendants may designate such that their content may be imaged. Thereafter, Plaintiff's and Defendants' counsel shall meet and agree upon a set of search terms for the organization to utilize in identifying relevant communications. Plaintiff's counsel will be permitted to screen the list of communications for any privilege claims and provide a privilege log of any such protected

>communications to Defendants' counsel. The list and the communications will be submitted to the Court for in camera review to ascertain their protected status.(6) Plaintiff Manard-Henkelman shall provide substantive responses to Interrogatory Nos. 7, 9, 19, and 21 (Responses to Interrogatory Nos. 10 and 12 were ordered in (1) above). (7) Plaintiff Manard-Henkelman shall provide a signed verification of all responses to Defendants' discovery requests. (8) Defendants shall reform Request for Production of Documents No. 27 to seek discovery on the narrow issue of whether Plaintiff's counsel obtained special consideration from either Plaintiff in the slip rental at Defendants' facility. At this time, the remainder of the request is too broad and likely would encompass matters invading the attorney/client privilege. Compliance with this Order shall occur by **JULY 27, 2018**. Defendants' Motion to Keep Plaintiff Manard-Henkelman's July 17th Deposition Open also contained in Docket Entry #34) is hereby deemed MOOT as the parties have agreed to do so. The issue of whether Defendants are entitled to attorney fees and costs associated with the filing of the Motion to Compel will be taken under advisement and determined at the conclusion of this case. Defendants' Motion to Compel Plaintiff McDaniel to serve responses to their written discovery (Docket Entry #34) is also GRANTED. Plaintiff McDaniel shall serve substantive responses upon Defendants' counsel by **JULY 26, 2018**.

(Docket Entry #42).

The Court issued an addendum to the minute order which stated, "Plaintiffs' failure to comply in a timely manner with the production of discovery ordered in the Minute Order of July 24, 2018 (Docket Entry 42) may result in the dismissal of the case for one or both Plaintiffs in accordance with Fed. R. Civ. P. 37(b)(2)(A)."

On July 27, 2018, the parties filed a Joint Motion to Dismiss All Claims of Plaintiff Sarah McDaniel and Exclude Her as a Witness. (Docket Entry #46). The parties agreed that, based upon

McDaniel's failure to appear for her deposition or respond to discovery, (1) McDaniel's claims would be dismissed without prejudice; (2) Henkelman would not call McDaniel as a witness or otherwise use McDaniel's testimony in any form in support of her claims; and (3) Defendants will not use the fact of McDaniel's dismissal as evidence against Henkelman unless necessary to rebut any matters pertaining to McDaniel that may be raised by Henkelman. (Docket Entry #46, ¶4).

On July 30, 2018, Judge White issued an Amended Scheduling Order at Defendants' request, setting the case for an October 30, 2018 jury trial.  He also expressly stated that "[t]his court cautions counsel, as did Judge West, that any failure of Plaintiffs to comply in a timely manner with the production of discovery could result in dismissal of the case for one or both Plaintiffs." (Docket Entry #47).

On July 31, 2018, Defendants filed the subject Motion to Dismiss Plaintiffs' claims as a Discovery Sanction. (Docket Entry #48).  This Motion together with the Joint Motion to Dismiss All Claims of Plaintiff Sarah McDaniel and Exclude Her as a Witness (Docket Entry #46) were referred to the undersigned on August 9, 2018.  (Docket Entry #51).

On August 27, 2018, this Court conducted a hearing on the Motions with counsel in attendance.  Despite the need for urgency for the production of discovery and the warnings by the Court of

the consequences for failing to do so, it became evident that Plaintiffs had failed to comply with this Court's Order for production and demonstrated an unwillingness to ever do so. McDaniel wholly failed to comply. Henkelman's compliance was deficient in (1) not producing the HIPAA and employer releases until August 8, 2018 - even then only providing a copy of the releases rather than an original; (2) failing to produce a list of employers; (3) attributing non-compliance for the first time to her having to move her residence; (4) failing to provide information on health care providers; and (5) continuing to fail to provide substantive responses to the Requests for Production of Documents which she had already agreed to produce - specifically, Requests for Production of Documents Nos. 1, 6-12, 18-19, 21-23, 25-26, 45-46, 48-49, 51-53, 56, 58-60, and 62-81. Counsel have still not met and agreed upon search terms for the electronic devices imaged by the third party forensic preservation organization, Avansic - largely because compliance with basic discovery production had been thwarted by Henkelman's dilatory conduct.

The failure to comply with discovery orders is not without consequence. Among the possible sanctions is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). A district court's discretion to choose a sanction under Fed.R.Civ.P. 37(b)(2)(A) "is limited in that the chosen sanction must be both just and related to the particular claim

which was at issue in the order to provide discovery." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)).  The Tenth Circuit has identified five factors a court should consider when assessing a request pursuant to Fed.R.Civ.P. 37(b)(2):

> (1) the degree of actual prejudice ...; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, supra, 965 F.2d. at 921 (citations omitted). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Id. at 920.

Defendants have been prejudiced in the ability to effectively defend this case.  They have been unable to ferret out Plaintiffs' claims, caused in no small measure to the vagueness of the allegations in the Amended Complaint.  Despite repeated informal and formal attempts to obtain discovery, Defendants have been largely thwarted in their efforts.  They have been unable to comply in a timely fashion with the Court's schedule and have been forced to seek extensions.  Actual prejudice could not be clearer.

Plaintiffs have caused the unwarranted expenditure of judicial resources in addressing their continued, repeated, and unjustified non-compliance with the discovery rules and this Court's Orders for

production. The case could simply not proceed to at timely and just end as a direct result of Plaintiffs' actions.

Plaintiffs' culpability is obvious and direct. They failed to produce their electronic devices until forced to do so despite not having a justifiable reason for the non-production. They continued to fail in their compliance with discovery requests which required little effort including executing releases and medical authorizations and lists of employers. At every turn, Plaintiffs resisted production when resistance had not legal basis, such as objecting to obviously relevant discovery on the basis of a violation of the "right to privacy" and "doctor/patient privilege." Plaintiffs apparently need to be reminded that they initiated this action and made these issues relevant in the scope of damages which their sought. Henkelman refused to produce documents which she used at her deposition which made them obviously relevant to the issues of the case. Moreover and potentially most disturbing, Plaintiffs' counsel did not provide assurances that compliance with all of the Court's Orders would be forthcoming. This conduct - of both counsel and Plaintiffs - stands as an example of some of the more egregious violations of the spirit, intent, and express terms of the discovery rules and disruption to the orderly progression of litigation.

Plaintiffs have been repeatedly warned by the Court as to the potential dire effect of their continued non-compliance - the

dismissal of their claims.

This Court has considered lesser sanctions. Plaintiffs have been given repeated opportunities to remedy the deficiencies in their discovery production but have not made a serious effort to act timely and comply completely with this Court's Orders. This Court has no confidence that total compliance will ever occur if this action were permitted to continue.

As a result, this Court recommends that the actions of Plaintiffs warrant the dismissal of the case with prejudice to refiling. While the parties have agreed to a somewhat lesser consequence to McDaniel's claims, this Court perceives no reason to impose a lesser sanction on her claims than should be imposed on Henkelman's claims. McDaniel has done nothing in this case. Alternatively, this Court would recommend that ¶4 of the Joint Motion to Dismiss All Claims of Plaintiff Sarah McDaniel and Exclude Her as a Witness be adopted.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Defendants' Motion to Dismiss Plaintiffs' Claims as a Discovery Sanction (Docket Entry #48) be **GRANTED** and that all claims by both Plaintiffs be **DISMISSED WITH PREJUDICE**. If this recommendation is adopted, the Joint Motion to Dismiss All Claims of Plaintiff Sarah McDaniel and Exclude Her as a Witness (Docket Entry #46) would be rendered **MOOT**. Alternatively, if the Court should decline to follow this recommendation, this Court would recommend that ¶4 of

the Joint Motion to Dismiss All Claims of Plaintiff Sarah McDaniel and Exclude Her as a Witness be adopted.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 17th day of September, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE